COVINGTON, Judge.
This is an appeal by plaintiffs, Helen B. Brewer, wife of/and Drew Brewer, Jr., and St. Paul Fire & Marine Insurance Company and Martine Corporation, from a judgment of the district court in favor of defendant, State Farm Mutual Automobile Insurance Company, dismissing plaintiffs’ suit against defendant at their costs.[1] We affirm.
This litigation commenced as a suit for damages brought by Helen B. Brewer and her husband, Drew Brewer, Jr., against Frank Davis and State Farm Insurance Company (State Farm Mutual Automobile Insurance Company). Subsequently, Mrs. Brewer’s employer’s workers’ compensation insurer, St. Paul Fire & Marine Insurance Company, and her employer, Martine Corporation, a/k/a Kentucky Fried Chicken, sued to recover the compensation benefits paid to Mrs. Brewer.[2]
This litigation arises out of the following set of facts. On Saturday, July 28, 1979, Frank Davis, who was accompanied by his wife and child, went to a Kentucky Fried Chicken outlet in Slidell, Louisiana to pick up an order to go. When they arrived at the establishment, Davis parked his car while his wife went in to pick up the order. Because Mrs. Davis was going to be inside the building for just a few minutes, Davis left the motor of the car running. Inadvertently, he pressed the accelerator, causing the vehicle to move forward and strike a garbage can, knocking the can into the outside of the building. At this time, inside the building, there were four people, Mrs. Davis, Mrs. Brewer (the plaintiff herein), Mrs. Brewer’s daughter, Debra Tread-way (who worked as a cashier), and Nathaniel Smith (who worked as cook). These people with the exception of Smith, who could not be located for the trial, testified that they heard the noise, but no person was in any way injured or even involved in the accident in any way.
After the collision with the garbage can, Davis backed his vehicle into the proper parking place, took his daughter and went inside. Upon arriving inside the building he confirmed that his wife and the employees were all right. There was apparently some confusion among the people in the restaurant, and the Davis child was very upset. Mrs. Brewer gave her a soft drink, calmed her down, and then proceeded to discuss the incident with Davis. Davis asked to use the phone located in the store and Mrs. Treadway dialed the number of the police department. Davis spoke to the police officer on duty at the Slidell Police Department and told them that they would not need to send an officer to the scene to make a report since no one was injured. Davis then called his insurance agent to report the accident; he then wrote his name, phone number and address and the name of his agent on a piece of paper which he gave to Mrs. Brewer. He testified that these activities took approximately 15 to 20 *408 minutes, and he saw little damage to the inside or outside of the building. He did notice that on the inside of the building a bench and table had been pushed away from the wall opposite the point where the garbage can struck the building.
After Davis left, according to her testimony, Mrs. Brewer noticed some loose ceiling tiles[3] over the table which had been moved by the collision. This was in the part of the restaurant used by its customers. She assumed, but was not positive, that the tiles had been loosened by the action of the garbage can striking the building. Mrs. Brewer testified that the tiles were made of very light material, and each probably weighed approximately one pound. After Davis left, and Mrs. Brewer noticed the problem with the ceiling tile, another customer came in the restaurant and his child sat down on the bench which had been moved under the loosened ceiling tiles. Mrs. Brewer thereupon asked the child to move, which she did. The customer then paid for his order and left. In order to prevent further use of the area, Mrs. Brewer decided to rope off the area. Before doing so, she decided to climb up on the table, and catch or pull down the loose ceiling tiles. She testified that before she touched any of the tiles, one of them fell on her, causing her to lose her balance and fall to the floor. She stated that she continued working, and that she worked for a day or so after the fall; but, later her back became painful and she sought medical attention. She subsequently required surgery on her back.
The trial court, for oral reasons dictated into the record, dismissed plaintiffs’ case against State Farm Mutual Insurance Company.
In his stated reasons, the trial judge was of the opinion:
“I just don’t find the cause of [causal] connection there. I believe that everything had come to rest and that some intervening cause after that time, caused the injury to the plaintiff, which also caused the workmen’s comp insurer to have to pay the money. For that reason I deny the claim in each case.”
We have carefully reviewed the record and find that the incident involving Davis knocking the garbage can into the building had ended. A new incident began as Mrs. Brewer placed herself in a precarious position on the table. She chose to put herself in this position of peril by using a bench and table as a climbing device, rather than a ladder (which is designed for such purpose). Mrs. Brewer’s fall was caused by her own negligence in choosing this unsafe manner in which to perform this simple task.
This case presents purely factual issues which were resolved by the trier of fact. Our thorough review and evaluation of the record convinces us that the credible evidence supports the lower court’s factual conclusions and the reasons assigned for its decision. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The judgment is affirmed at appellants’ cost.
AFFIRMED.

. By agreement of the parties, Frank Davis, one of the defendants, was dismissed from the litigation with prejudice prior to the trial on the merits.

. The suits were consolidated for the purpose of trial.

. The ceiling tiles were about two by four feet in size and were suspended in a metal framework.